UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL RUIZ,<br><br>                    Plaintiff,<br><br>-against-<br><br>U.S. FEDERAL COURTHOUSE 40 FOLELY SQUARE #104 NEW YORK, NY 10007; VALARIE CAPRONI (FEDERAL JUDGE),<br><br>                    Defendants. | 1:23-CV-7416 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Angel Ruiz, who is appearing *pro se*, filed this action and purports, in his complaint, to invoke the court's diversity jurisdiction. In the same complaint, however, he asserts that the bases for the court's federal question jurisdiction of this action is: "For my disability, for my gay rights[,] for my immigration rights." (ECF 1, at 2.) Plaintiff names as defendants: (1) the Thurgood Marshall United States Courthouse ("the courthouse"), located at 40 Foley Square, New York, New York; and (2) the Honorable Valerie E. Caproni, a United States District Judge of this court. He seeks $10 million in damages.

By order dated August 23, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On an unspecified date in January 2018, Plaintiff and his partner arrived at the lobby of the courthouse to attend a proceeding before Judge Caproni with respect to a then-pending civil action that Plaintiff had brought in this court, *Ruiz v. Keratin Bar*,

17-CV-2216 (VEC). Plaintiff, who is disabled, was sitting on a walker, waiting to pass through a metal detector, when he fell to the ground because he was suffering from a seizure. Five "federal police" officers "removed [Plaintiff's] partner from helping" him, and one of them "grab[bed] [Plaintiff] . . . and punched" him. (ECF 1, at 5.) The officer "lift[ed] [Plaintiff] up really hard . . . and punched [him] over [the] heart area." (*Id.*) Plaintiff "[f]ell back and cracked [his] left shoulder on the floor." (*Id.*) He "was on the lobby floor for 30 minutes. [An] ambulance arrived and took [him] to the hospital." (*Id.* at 5-6.) Since then, Plaintiff has "been home bound . . . with PSD and [his] disability." (*Id.* at 6.)

Plaintiff asked the court and Judge Caproni "to report the hate crime and they refuse[d]." (*Id.*) "They refuse[d] to follow the law and rules, follow the facts and evidence [a]nd get the footage from the camera of the hate crime." (*Id.*)

Plaintiff asserts that he now has "chronic pain in [his] left shoulder and now [he is] 100% disable[d] . . . [and] ha[s] celiac [d]isease." (*Id.*) He alleges that as a result of the injuries he sustained, he can no longer work, including with respect to his cosmetology business.

Plaintiff alleges that Judge Caproni "ignore[d] what happen[ed] to [him] or cover[ed] [up] the crime." (*Id.* at 11.)

Plaintiff makes additional allegations about Judge Caproni with regard to her actions and decisions in *Ruiz*, 17-CV-2216 (VEC), as well as with regard to the actions of Plaintiff's own counsel and of opposing counsel in that action. He also makes allegations regarding claims raised in his other pending litigation in this court.

## DISCUSSION

The Court notes that Plaintiff has recently brought many *pro se* actions in this court and that, in one of those other *pro se* actions, *Ruiz v. Fed. Police Dep't*, 1:23-CV-7421 (LTS), he has asserted claims against the "Federal Police Department" arising from the injuries he allegedly

3

sustained in January 2018, at the courthouse, when he allegedly suffered a seizure, fell, and was punched by a person he describes as a federal police officer, which the Court understands to be a Court Security Officer ("CSO"). By order in that action dated October 10, 2023, the undersigned construed Plaintiff's complaint commencing that action as asserting claims under the Federal Tort Claims Act ("FTCA") against the United States of America, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Rehabilitation Act of 1973. (ECF 1:23-CV-7421, 4). In that order, the Court granted Plaintiff leave to file an amended complaint in that action to allege: (1) with respect to his claims under the FTCA against the United States of America, facts showing that Plaintiff had exhausted his administrative remedies before bringing that action, as well as facts supporting his claims under the FTCA; and (2) with respect to his claims under the Rehabilitation Act, facts that state a claim under that statute. (*Id.* at 4-6, 9-11.) The Court also granted Plaintiff leave to amend his complaint to allege facts in support of his claims under state law against CSOs or their private employer, but dismissed his claims under *Bivens* for failure to state a claim on which relief may be granted as untimely. (*Id.* at 6-9, 12.)

In light of Plaintiff's allegations in *Ruiz*, 1:23-CV-7421 (LTS), and because the Court has already addressed, in its October 10, 2023 order in that action, Plaintiff's abovementioned claims under the FTCA, *Bivens*, the Rehabilitation Act, as well as his possible claims under state law, arising from the alleged injuries he sustained in the courthouse in January 2018, the Court will address in this order only those claims that Plaintiff asserts in the present complaint against Judge Caproni, in her individual capacity, and, to the extent that the Court can discern any other claims, any remaining ones against the courthouse itself.

A.   **Claims against Judge Caproni**

   1.   **Failure to investigate and protect from further harm**

The Court understands Plaintiff's complaint as asserting claims for damages, under *Bivens*,[1] against Judge Caproni, arising from her alleged failure, once Plaintiff had informed her of the alleged January 2018 incident in the lobby of the courthouse, to investigate that incident or protect Plaintiff from further harm. The Court must, however, dismiss those claims because government officials, including judges, generally have no federal constitutional duty to investigate or protect an individual from harm.[2] *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194-96 (2d Cir. 1994); *Asensio v. Roberts*, No. 19-CV-3384, 2019 WL 1877386, at *3 n.2 (S.D.N.Y. Apr. 26, 2019) ("Plaintiff cannot assert

---

[1] Claims under *Bivens* may only be brought against federal officers in their individual capacities, and may only seek damages. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). "[*Bivens*] is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675. Section 1983 requires a showing that the defendants acted under color of state law to deprive a plaintiff of a federally protected right. *See* 42 U.S.C. § 1983. Case law from actions brought under Section 1983 may be used to address issues raised in *Bivens* actions. *See Butz v. Economou*, 438 U.S. 478, 498-500 (1978); *Tavares v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

[2] To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show "that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389) (footnote omitted). The Supreme Court of the United States has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388; (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). After deciding these three cases, however, the Supreme Court has "made [it] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation omitted), and that a *Bivens* remedy is not available, "where there are 'special factors counselling hesitation in the absence of affirmative action by Congress,'" *Hernandez v. Mesa*, 582 U.S. 548, 553 (2017) (citation omitted). Because there is no constitutional duty in the context alleged here, however, there is no need to discuss whether a claim for a violation of such a duty would be recognized under *Bivens*.

that his constitutional rights were violated by [the Chief Justice of the Supreme Court of United States and the Chief Judge of the United States Court of Appeals for the Second Circuit] because of their failures to act on Plaintiff's judicial misconduct complaints because there is no affirmative right to government aid."); *see also Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when [a government official] takes a person into [his/her] custody and holds [the person] there against [the person's] will, the Constitution imposes upon [the government official] a corresponding duty to assume some responsibility for [the person's] safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) when a government official affirmatively creates or increases a danger to a plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that the government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

To the extent that Plaintiff asserts that Judge Caproni failed to investigate the alleged January 2018 courthouse incident or protect him from further harm, Plaintiff does not allege any facts suggesting that either of these two exceptions is applicable here. The Court therefore dismisses Plaintiff's claims against Judge Caproni under *Bivens*, arising from her alleged failure

6

to investigate the alleged January 2018 courthouse incident or protect Plaintiff from further harm, for failure to state a claim on which relief may granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Conspiracy

The Court understands Plaintiff's complaint as asserting claims of conspiracy, under *Bivens*, against Judge Caproni, arising from her alleged efforts to "cover up" crimes committed against Plaintiff during the abovementioned January 2018 courthouse incident. The complaint, however, does not allege facts sufficient to state such claims. To state a claim of conspiracy under *Bivens*, a plaintiff must show "(1) an agreement between two or more [federal officers] . . . ; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages."[4] *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (Section 1983 context); *Powell v. United States*, No. 19-CV-11351, 2020 WL 5126392, at *9 (S.D.N.Y. Aug. 31, 2020) (quoting *Pangburn*, 200 F.3d at 72, in the *Bivens* context).[5] Vague

---

[3] To the extent that Plaintiff brings claims in which he seeks the criminal prosecution of others, the Court must dismiss those claims. Plaintiff cannot initiate a prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal prosecution of others, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

[4] For the purpose of a claim of conspiracy under *Bivens*, the defendants must be two or more federal officers. *See Higazy*, 505 F.3d at 169.

[5] The Court assumes, for the purpose of this order, that a claim of conspiracy can still be pursued under *Bivens*. *But see Milton v. McClintic*, No. 22-CV-6077L, 2022 WL 4852825, at *2-3 (W.D.N.Y. Oct. 4, 2022) (noting that because, in *Egbert v. Boule*, 142 S. Ct. 1793, 1807 (2022), the Supreme Court of the United States held that there is no *Bivens* cause of action for

and unsupported assertions of a conspiracy will not suffice to state a claim on which relief can be granted. *See, e.g.*, *Stoner v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Granting Plaintiff's complaint the liberal interpretation that it is due, Plaintiff seems to allege that Judge Caproni conspired with other unidentified individuals to "cover up" crimes committed against Plaintiff during the abovementioned January 2018 courthouse incident. Plaintiff's allegations about that conspiracy are conclusory, vague, and lack detail. Moreover, Judge Caproni had no federal constitutional duty to investigate that incident or protect Plaintiff from further harm. *See supra* at 5-7. Accordingly, the Court dismisses Plaintiff's claims of conspiracy against Judge Caproni, under *Bivens*, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

3. **Claims arising from actions and decisions in *Ruiz*, 1:17-CV-2216 (VEC)**

The Court must also dismiss Plaintiff's claims against Judge Caproni, under *Bivens*, arising from her actions and decisions in *Ruiz*, 1:17-CV-2216 (VEC). Under the doctrine of judicial immunity, judges are absolutely immune from civil suit for damages for any actions or decisions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Andrews v. Hall*, Nos. 22-1298, 22-1299, 22-1300, 22-1301, 22-1302, 22-1303, 2023 WL 309609, at *1 (2d Cir. Jan. 19, 2023) (summary order) (discussing the application of the doctrine of judicial immunity in the context of claims under *Bivens* brought against a federal

---

First Amendment retaliation, there could be no claim of conspiracy under *Bivens* arising from such retaliation).

judge); *Nieves v. Liman*, No. 20-CV-7503, 2020 WL 7248856, at *2-3 (S.D.N.Y. Dec. 7, 2020) (same). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff's allegations about Judge Caproni, in the context of *Ruiz*, 1:17-CV-2216 (VEC), suggest that neither of these exceptions applies to any of Plaintiff's claims arising from Judge Caproni's actions and decisions in that action. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

To the extent that Plaintiff is asserting claims for damages, under *Bivens*, against Judge Caproni arising from her actions and decisions in *Ruiz*, 1:17-CV-2216 (VEC), such claims are foreclosed by the doctrine of judicial immunity. The Court therefore dismisses those claims under the doctrine of judicial immunity and, consequently, as frivolous. *See* § 1915(e)(2)(B)(i); *see also Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

**B.      Plaintiff's remaining claims against the courthouse**

To the extent that Plaintiff asserts claims in this action against the courthouse in an effort to assert claims under the FTCA against the United States of America, arising from the alleged January 2018 courthouse incident, the Court has already addressed those claims in its October

9

10, 2023 order in *Ruiz*, 1:23-CV-7421 (LTS). (ECF 1:23-CV-7421, 4, at 4-6.) Accordingly, the Court dismisses those claims in this action without prejudice to Plaintiff's pursuit of those claims in *Ruiz*, 1:23-CV-7421 (LTS).

To the extent that Plaintiff additionally attempts to assert claims under *Bivens* against the courthouse, the Court must also dismiss those claims. As discussed above, claims under *Bivens* may only be brought against federal officers in their individual capacities. *See Higazy*, 505 F.3d at 169. Because the courthouse is not a federal officer, the Court must dismiss any claims under *Bivens* against it for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Higazy*, 505 F.3d at 169; *cf. Griffin v. Corp. Counsel*, No. 22-CV-8521, 2022 WL 16926117, at *4 (S.D.N.Y. Nov. 14, 2022) ("The New York County Courthouse is not a 'person' within the meaning of Section 1983.").

C.  **Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons discussed above.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action.

SO ORDERED.

Dated:   October 16, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge